FILED

2012 MAY 15  A 8: 33

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

OHIO TURNPIKE COMMISSION )
682 Prospect Street )
Berea, Ohio 44017 )
          Plaintiff, )
)
)
-vs- )
)
LEHIGH GAS CORPORATION )
Statutory Agent: )
Capitol Corporate Services, Inc. )
4568 Mayfield Road, Suite 204 )
Cleveland, Ohio 44121 )
)
and )
)
JOSEPH V. TOPPER, JR. )
1425 Mountain Drive North )
Bethlehem, PA 18015 )
)
and )
)
TOPPER PETROLEUM, INC. )
1425 Mountain Drive North )
Bethlehem, PA 18015 )
)
and )
)
BESTWAY TRAVEL CENTERS, INC. )
710 Lloyd Street )
Allentown, PA 18103 )
)

Judge: NANCY R MCDONNELL

CV 12 782612

X1031

MLH
X1026

**PLAINTIFF'S COMPLAINT
FOR BREACH OF CONTRACT,
BREACH OF GUARANTY,
PROMISSORY ESTOPPEL, AND
UNJUST ENRICHMENT**



Blumberg No. 5118

EXHIBIT

A

and                                          )
                                             )
**JTPH, INC.**                               )
**1762 Arden Lane**                          )
**Bethlehem, PA 18015**                      )
                                             )
and                                          )
                                             )
**JTSJ, INC.**                               )
**1425 Mountain Drive North**                )
**Bethlehem, PA 18015**                      )
                                             )
and                                          )
                                             )
**MMSCC-3, LLC**                             )
**1762 Arden Lane**                          )
**Bethlehem, PA 18015**                      )
                                             )
and                                          )
                                             )
**MMSCC-4, LLC**                             )
**1762 Arden Lane**                          )
**Bethlehem, PA 18015**                      )
                                             )
         **Defendants.**                     )


## IDENTIFICATION OF THE PARTIES

1.  The Ohio Turnpike Commission (hereinafter "Plaintiff" or "OTC") is an instrumentality of the state of Ohio, and is charged with the construction, operation and maintenance of the Ohio Turnpike system.

2.  Lehigh Gas Corporation ("Lehigh") is a registered foreign corporation doing business in Cuyahoga County, Ohio.

3. Joseph V. Topper, Jr., is an owner, incorporator, officer, member, agent and employee of Lehigh Gas Corporation, Topper Petroleum, Inc., Bestway Travel Centers, Inc., JTPH, Inc., JTSJ, Inc., MMSCC-3, LLC, and MMSCC-4, LLC.

4. Topper Petroleum, Inc., is an unregistered foreign corporation doing business in Cuyahoga County, Ohio.

5. Bestway Travel Centers, Inc. is an unregistered foreign corporation doing business in Cuyahoga County, Ohio.

6. JTPH, Inc., is an unregistered foreign corporation doing business in Cuyahoga County, Ohio.

7. JTSJ, Inc., is an unregistered foreign corporation doing business in Cuyahoga County, Ohio.

8. MMSCC-3, LLC, is an unregistered foreign limited liability company doing business in Cuyahoga County, Ohio.

9. MMSCC-4, LLC, is an unregistered foreign limited liability company doing business in Cuyahoga County, Ohio.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Defendants under O.R.C. §2307.382(A)(1), (2), (3), (4), and (8), and Ohio Civil Rule 4.3(A).

11. Venue in this Court is proper under O.R.C. §5537.04(A)(4), and Ohio Civil Rule 3(B)(3), (7), (12), and (13)(b).

12.      On or about December 22, 2006, Plaintiff and Defendant Lehigh entered into a contract whereby Plaintiff agreed to grant to Lehigh the exclusive concession and license to provide fuel and manage Plaintiff's service stations, in consideration for Lehigh's agreement to compensate Plaintiff in accordance with the contract terms. A copy of the contract, Contract SS-11, is attached to this Complaint as "Exhibit A."

13.      On or about September 6, 2007, Plaintiff and Defendant Lehigh entered into the First Addendum to the contract, attached to this Complaint as "Exhibit B."

14.      The initial five-year term of the contract was January 1, 2007, to December 31, 2011, and was renewable for two (2) additional terms of five (5) years each.

15.      In accordance with the contract, Defendant Lehigh agreed to set aside one-half cent per gallon of all fuel sold at the Plaintiff's service stations and deposit said sum into a Renewal and Replacement account ("R & R") for Plaintiff's exclusive approval of and use for equipment replacement at service plaza locations.

16.      Defendant Lehigh agreed to remit to Plaintiff the balance of the "R & R" account funds not approved by Plaintiff for utilization upon the expiration of the contract.

17.      Defendant Lehigh did not renew the contract and it expired on December 31, 2011.


## COUNT I – BREACH OF CONTRACT

18.      Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 17 as if fully rewritten herein.

19.      Through execution of the contract attached hereto and incorporated herein as "Exhibit A," Defendant Lehigh agreed to establish an "R & R" account for Plaintiff for

exclusive use in replacement of equipment at the service plaza locations in accordance with any applicable requirements set forth in the "Request for Proposals for Service Station Operations at the Ohio Turnpike Service Plazas" for Contract SS-11.

20. Defendant Lehigh agreed to remit to Plaintiff as additional compensation any "R & R" funds not used, upon the termination or expiration of the contract.

21. Through correspondence dated March 5, 2012, to Defendant Lehigh from OTC's General Counsel, attached to the Complaint as "Exhibit C," Plaintiff demanded payment of the balance in the R & R account.

22. On or about March 15, 2012, Defendant Lehigh remitted a portion of the balance of the "R & R" account to Plaintiff.

23. Defendant Lehigh breached the terms of the contract by failing to remit the full remaining balance of the "R & R" account to Plaintiff.

24. Although demand has been made upon Defendant Lehigh to liquidate the remaining balance due and owing to Plaintiff as set forth in the letter dated March 23, 2012, to Lehigh from OTC's General Counsel, attached to the Complaint as "Exhibit D," Lehigh has failed to do so.

25. As a direct and proximate result of Defendant Lehigh's breach of the contract, Plaintiff has been damaged in an amount in excess of $254,976.00 plus interest and costs.

## COUNT II – BREACH OF GUARANTY

26. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 25, as if fully rewritten herein.

27. On or about December 20, 2006, and as part of the contract between the parties and labeled "Exhibit A" thereto, Defendant Joseph V. Topper, Jr., individually and as president of Defendants Topper Petroleum, Inc., Bestway Travel Centers, Inc., JTPH, Inc., and JTSJ, Inc., and manager of MMSCC-3, LLC, and MMSCC-4, LLC, made, executed and delivered to Plaintiff an instrument designated as a guaranty, attached to and made a part of this Complaint as "Exhibit E".

28. In the guaranty, Defendants Joseph V. Topper, Jr., Topper Petroleum, Inc., Bestway Travel Centers, Inc., JTPH, Inc., JTSJ, Inc., MMSCC-3, LLC, and MMSCC-4, LLC, jointly and severally, unconditionally, absolutely and irrevocably guaranteed the performance of Defendant Lehigh's obligations under the contract.

29. The purpose of the guaranty was to induce Plaintiff to select and contract with Defendant Lehigh as a single service station operator for all service plazas on the Ohio Turnpike.

30. Plaintiff acted in reliance on the guaranty and the Defendants are now jointly and severally indebted to Plaintiff in a sum in excess of $254,976.00.

31. Defendants have not paid the monies due under the guaranty despite Plaintiff's demands for same, as set forth in the March 23, 2012, letter attached as "Exhibit D".

32. As a result of the breach of the guaranty by Defendants, Plaintiff has been damaged in a sum in excess of $254,976.00, plus interest and costs.

## COUNT III – PROMISSORY ESTOPPEL

33. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 32, as if fully rewritten herein.

34. Upon termination or expiration of the contract between the parties, Defendants promised to pay to Plaintiff the balance of the "R & R" account not used for replacement of equipment at the service plaza locations.

35. Plaintiff reasonably relied upon Defendants' promise to pay the "R & R" balance remaining at the time of contract termination or expiration, to its detriment.

36. Plaintiff's reliance upon Defendants' promise to pay the "R & R" balance remaining at the time of contract termination or expiration was foreseeable to Defendants.

37. As a direct and proximate result of Defendants' promise and breach thereof, Plaintiff has been damaged in an amount in excess of $254,976.00, plus interest and costs.

## COUNT IV – UNJUST ENRICHMENT

38. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 37, as if fully rewritten herein.

39. Defendants have failed and refused to pay to Plaintiff the total "R & R" balance remaining at the time of contract termination or expiration, despite knowing that the "R & R" balance belongs to Plaintiff as per the contract terms.

40. Defendants' wrongful retention of the remaining balance of the "R & R" fund at the time of contract termination or expiration is unjust.

41. By wrongful retention of the "R & R" balance remaining at the time of contract termination or expiration, Defendants have been unjustly enriched in an amount in excess of $254,976.00.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for:

(1)     Compensatory damages of $254,976.00; and

(2)     Interest on the sum of $254,976.00 at the rate of eighteen percent per annum from

        April 1, 2012; and

(3)     Attorneys' fees; and

(4)     Court costs; and

(5)     Such further relief as the Court may deem proper.

                         Respectfully submitted,

                         JO ANN F. WASIL, ESQ. (0008017)
                         MARK R. MUSSON, ESQ. (0081110)
                         Ohio Turnpike Commission
                         682 Prospect Street
                         Berea, Ohio 44017
                         (440) 234-2081
                         (440) 234-7392
                         joann.wasil@ohioturnpike.org
                         mark.musson@ohioturnpike.org

                         Attorneys for Plaintiff,
                         Ohio Turnpike Commission

# FORM CONTRACT (CONTRACT SS-11)

This Contract is made and entered into the 22nd day of December , 2006, by and between the **Ohio Turnpike Commission** (the "Commission"), 682 Prospect Street, Berea, Ohio 44017, and **Lehigh Gas Corporation**, 3773 Corporate Parkway, #100, Center Valley, Pennsylvania 18034, (the "Selected Operator").

## RECITALS

WHEREAS, the Commission conducted a Request for Proposal ("RFP") process to select a single Service Station Operator for all Service Plazas on the Turnpike; and

WHEREAS, the Selected Operator submitted the Proposal deemed by the Commission deemed to be the best Proposal received in accordance with Ohio Revised Code Section 5537.13; and

WHEREAS, the Selected Operator is qualified and willing to perform the services outlined in the RFP, which is incorporated by reference as if fully rewritten herein, but which, due to its length is not attached hereto as an Exhibit.

NOW THEREFORE, in consideration of the mutual promises, covenants and terms and conditions set forth in the RFP and the Selected Operator's Proposal, the parties have entered into Contract SS-11.

## AGREEMENTS

### ARTICLE 1 – **CONTRACT DOCUMENTS**

1.1     The Contract Documents shall consist of the following documents:  The Form Contract; the RFP, its Addenda and any exhibits thereto (except Exhibit "B"); the Selected Operator's Proposal and its Revenue Sharing Proposal; and all insurance certificates, personnel/employee



PLAINTIFF'S EXHIBIT

A

ALL-STATE LEGAL®

bonds and the performance bond to be provided by the Selected Operator in accordance with the requirements of the **PART X, Section Q** of the RFP. In addition, affiliated companies of the Selected Operator have, jointly and severally, guaranteed the Selected Operator's performance of this Contract as set forth more fully in the guaranty attached hereto as Exhibit A.

## ARTICLE 2 -- DESCRIPTION OF SERVICES AND TERM

2.1    Subject to the terms and conditions hereof and the "Contract Documents" as defined herein, the Commission grants to the Selected Operator the exclusive concession and license to provide fuel at and manage the operations of the Commission's service stations, and the Selected Operator agrees to compensate the Commission for such exclusive concession and license as hereinafter provided.

The Contract for the operation of all Ohio Turnpike Service Plaza service stations shall have an initial term of five (5) years. The Commission may extend the Contract for not more than two (2) additional five (5) year terms upon mutual agreement and written notice of intent by the Selected Operator given 180 days in advance of its intention to renew the Contract for an additional term. Revenue sharing payments to the Commission by the Selected Operator shall commence on **January 1, 2007,** or any other day mutually agreed upon by the parties.

## 3 -- REVENUE SHARING PAYMENTS

3.1    In addition to the Common Area Maintenance ("CAM") fees specified in the RFP and any applicable reimbursements, the Selected Operator shall remit to the Commission payments

based on its agreed upon Revenue Sharing Proposal for the duration of the Contract, in an amount equal to:

### Cents per Gallon (CPG) of Fuel Dispensed, and Percentage of Retail Receipts:

1. five (5) CPG of unleaded gasoline
2. five (5) CPG of Ultra Low Sulfur Diesel ("ULSD")
3. 7.5% of gross (non-fuel) retail sales receipts
4. an additional one-quarter (.25) CPG for each gallon of unleaded fuel if the Valero brand is offered for the first Contract term only.

- For the duration of the Contract, the Selected Operator will establish an R&R Account (Renewal and Replacement) for the Commission at the rate of one-half (.50) CPG from all fuel sold, in addition to the other revenue sharing options identified above. This account will exclusively be used for the replacement of equipment at the Service Plaza locations in accordance any applicable requirements set forth in the RFP. Any funds "not used" shall be rolled over into the next Contract term, or in the event of Contract termination or expiration, shall be remitted to the Commission as additional compensation. The Commission agrees that, after the first Contract term, the one-quarter (.25) CPG for unleaded fuel that was paid to it by the Selected Operator as compensation for choosing the Valero brand may cease, provided, however, that the Selected Operator continues to maintain the one-half (.50) CPG R&R Account from all fuel sold as set forth above.
- In addition, the Selected Operator will provide 30% of all net profit it receives on a yearly basis, over and above its budgeted profit projections to the Commission as additional revenue. Profit projections shall be provided to the Commission annually by January 31, and shall take into consideration the following: projected total revenue; projected total expenses; and allocated overhead. The amount payable under this section, if any, shall be remitted to the Commission on or before January 31 of the following year.
- Per the RFP, Lehigh Gas will also pay to the Commission $60,000 per year, per Service Plaza in CAM fees (to increase based on the Midwest-Urban Consumer Price Index). CAM fees will be suspended on a pro-rata basis per Service Plaza in the event any Plaza is closed for renovations or for any other indefinite time period.

3.2     Monthly rental payments and pro-rated CAM fees shall be forwarded to the Commission on or before the 12th day of each month as set forth in the General Terms and Conditions. Utility reimbursements must be paid by the Selected Operator within fifteen (15) days of receipt of invoice from the Commission with a late fee assessment of eighteen percent (18%) per annum, or the maximum allowed under State law.

## ARTICLE 4 – <u>ENTIRE AGREEMENT</u>

4.1     The Contract Documents embody the entire understanding of the Commission and the Selected Operator, and form the basis of the Contract between the Commission and the Selected Operator. The Contract Documents shall be considered to be incorporated by reference into the Contract Form as if fully rewritten herein.

4.2     The Contract and any modifications, amendments or alterations thereto shall be governed, construed and enforced by and under the laws of the State of Ohio.

4.3     If any term or provision of the Contract, or the application thereof to any Person or circumstance, is finally determined, to be invalid or unenforceable by a court of competent jurisdiction, the remainder of the Contract or the application of such term or provision to other Persons or circumstances, shall not be affected thereby, and each term and provision of the Contract shall be valid and enforced to the fullest extent permitted by law.

4.4     The Contract shall be binding on the Selected Operator and Commission, their successors and assigns, in respect to all respective covenants and obligations contained in the Contract Documents, but the Contract may not be assigned by the Selected Operator without the prior written consent of the Commission.

## ARTICLE 5 - <u>EXECUTION</u>

5.1     The Contract shall become binding and effective upon execution by the Commission.

## ARTICLE 6 – ORIGINAL CONTRACT FORMS

6.1    This Contract Form has been executed in several counterparts, each of which shall constitute a complete original Contract Form that may be introduced in evidence or used for any other purpose without production of any other counterparts.

## ARTICLE 7 - WARRANTY OF SIGNATORY.

7.1    The undersigned signatory for the Selected Operator hereby represents and warrants that he or she has full and complete authority to execute the Contract on behalf of the Selected Operator.  This representation and warranty is made for the purpose of inducing the Commission to execute the Contract.

**IN WITNESS WHEREOF,** the parties have hereto set their respective hands on the day and year first above written and have executed the foregoing Contract.

SELECTED OPERATOR
LEHIGH GAS CORPORATION

By: _____
        President

_____
        (Date)

APPROVED AS TO LEGAL FORM:

_____
Director of Contracts  Administration

OHIO TURNPIKE COMMISSION

By: _____
        Executive Director

_____
        (Date)

7287
Final Execution

# EXHIBIT A

## GUARANTY

THIS GUARANTY (the "Guaranty"), dated as of *December 22*, 2006, is made by JTPH, Inc., a Pennsylvania corporation ("JTPH"), JTSJ, Inc., a Delaware corporation ("JTSJ"), Topper Petroleum, Inc., a Pennsylvania corporation ("Topper"), MMSCC-3, LLC, a Pennsylvania limited liability company ("MMSCC-3"), MMSCC-4, LLC, a Pennsylvania limited liability company ("MMSCC-4"), and Bestway Travel Centers, Inc., a Pennsylvania corporation ("Bestway") (each a "Guarantor" and together the "Guarantors"), in favor of the Ohio Turnpike Commission (the "Commission").

WITNESSETH:

WHEREAS, the Commission and Lehigh Gas Corporation, a Delaware corporation ("Lehigh"), are parties to a certain Form Contract dated *12-22-06*, 2006 (the "Contract");

WHEREAS, each of the Guarantors is an affiliate of Lehigh; and

WHEREAS, each of the Guarantors has determined that the execution, delivery and performance of this Guaranty directly benefits, and is within the best interests of, such Guarantor.

NOW, THEREFORE, in consideration of the mutual promises, covenants and terms and conditions set forth herein, the Guarantors hereby agree as follows:

1.  Guaranty. The Guarantors hereby, jointly and severally, unconditionally and irrevocably guarantee the performance of Lehigh's obligations under the Contract (the "Guaranteed Obligations").

2.  Guaranty Absolute; Continuing Guaranty. The Guarantors guaranty the performance of the Guaranteed Obligations strictly in accordance with the terms of the Contract. The liability of the Guarantors under this Guaranty shall be irrevocable, absolute and unconditional irrespective of, and the Guarantors hereby irrevocably waive any defenses that Guarantors may now or hereafter have in any way relating to, any change in any term of all or any of the Guaranteed Obligations, or any other amendment or waiver of or any consent to departure from the Contract, including, without limitation, any increase in the Guaranteed Obligations. This Guaranty is a continuing guaranty and shall (i) remain in full force and effect until the date on which all of the Guaranteed Obligations have been satisfied, (ii) be binding upon the Guarantors, their successors and assigns, and (iii) inure to the benefit of and be enforceable by the Commission and its successors and assigns.

3. Notices, Etc. All notices and other communications provided for hereunder shall be in writing and shall be mailed, telecopied or delivered, if to a Guarantor, to:

(Name of Guarantor)

c/o Lehigh Gas Corporation
3773 Corporate Parkway, Suite 100
Center Valley, PA 18034

or to such other address as shall be designated in a written notice complying as to delivery with the terms of this Section 3. All such notices and other communications shall be effective (i) if mailed (by certified mail, postage prepaid and return receipt requested), when received or three Business Days after deposited in the mails, whichever occurs first; (ii) if telecopied, when transmitted and confirmation is received, provided same is on a Business Day and, if not, on the next Business Day; or (iii) if delivered, upon delivery, provided same is on a Business Day and, if not, on the next Business Day.

4. <u>Miscellaneous</u>.

(a) No amendment or waiver of any provision of this Guaranty and no consent to any departure by the Guarantors therefrom shall in any event be effective unless the same shall be in writing and signed by the Guarantors and the Commission, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

(b) Any provision of this Guaranty which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining portions hereof or thereof or affecting the validity or enforceability of such provision in any other jurisdiction.

(c) This Guaranty represents the entire Agreement of the Guarantors and the Commission with respect to the subject matter hereof, and there are no promises, undertakings, representations or warranties relative to the subject matter thereof not expressly set forth or referred to herein.

(d) Section headings herein are included for convenience of reference only and shall not constitute a part of this Guaranty for any other purpose.

IN WITNESS WHEREOF, each Guarantor has caused this Guaranty to be executed as of the date first above written.

TOPPER PETROLEUM, INC.

By: _____     Date: __12-20-06__
    Joseph V. Topper, Jr., President

BESTWAY TRAVEL CENTERS, INC.

By: _____     Date: __12-20-06__
Joseph V. Topper, Jr., President

7

JTPH, INC.

By: _____       Date: _____12-20-06_____
Joseph V. Topper, Jr., President

JTSJ, INC.

By: _____       Date: _____12 20 06_____
Joseph V. Topper, Jr., President

MMSCC-3, LLC

By: _____       Date: _____12-20-06_____
Joseph V. Topper, Jr., Manager

MMSCC-4, LLC

By: _____       Date: _____12-20-06_____
Joseph V. Topper, Jr., Manager

ACKNOWLEDGEMENT OF GUARANTY BY
OHIO TURNIPKE COMMISSION

By: _____       Date: _____12-22-06_____
    Executive Director

APPROVED AS TO LEGAL FORM

By: _____       Date: _____12/22/06_____
    Director of Contracts Administration

8

## FIRST ADDENDUM TO THE SERVICE STATION CONTRACT SS-11

THIS FIRST ADDENDUM TO THE CONTRACT DATED December 22, 2006 (hereinafter, referred to as the "First Addendum"), by and between the **Ohio Turnpike Commission** (hereinafter, "the Commission"), with offices at 682 Prospect Street, Berea, Ohio, 44017-2799, and **Lehigh Gas Corporation**, 1425 Mountain Drive North, Bethlehem, Pennsylvania 18015 (hereinafter, "the Selected Operator"), witnesses that the parties have made the agreements set forth below:

## RECITALS

WHEREAS, the Commission and the Selected Operator entered into a Contract known as Ohio Turnpike Commission Contract SS-11 on December 22, 2006 (hereinafter, the "2006 Contract"), under which the Commission granted to the Selected Operator the exclusive concession and license to provide fuel at, and to manage the operations of, all the Commission's service stations; and

WHEREAS, under the 2006 Contract, in addition to the payment to the Commission of Common Area Maintenance ("CAM") Fees and other reimbursements, the Selected Operator agreed compensate the Commission for such exclusive concession and license based on cents per gallon ("CPG") of fuel dispensed, and a percentage of retail receipts; and

WHEREAS, certain minor modifications to the 2006 Contract are required; and

WHEREAS, the 2006 Contract, as modified and affected by this First Addendum, and any subsequent addenda, shall hereinafter be referred to as "Contract SS-11."



PLAINTIFF'S EXHIBIT

B

ALL-STATE LEGAL®

NOW, THEREFORE, in consideration of the above premises and the mutual promises set forth below, the Commission and the Selected Operator, with this First Addendum, make the following mutually agreed to additions, deletions and modifications:

## AGREEMENTS

1.    **Full Force and Effect of Contract; Modification**.  Except to the extent that the 2006 Contract is specifically modified or superseded by this First Addendum, which, upon becoming effective, shall be fully incorporated into the Contract as if fully rewritten therein, all terms, conditions, and covenants of the 2006 Contract shall remain effective and enforceable against the parties.  Effective upon the date that this First Addendum has been executed by both Parties, the respective Sections and Subsections of the 2006 Contract shall be modified and/or supplemented as set forth below (modifications are in *bold italic* type for reading convenience only):

2.    **Modifications to the 2006 Form Contract**.

ARTICLE 3.1 – The first sentence of the third bullet point in this section of the Form Contract shall be amended and superseded as follows:

> "Per the RFP, ~~Lehigh Gas~~ *the Selected Operator* will also pay to the Commission $60,000 per year, per *set of reconstructed* Service Plazas in CAM fees (to increase *annually* based on the Midwest-Urban Consumer Price Index)."

3.    **Modifications to the RFP**.

PART III, Section W(4), page 53 – The first sentence of this Section shall be amended and superseded as follows:

> "4.    <u>Ownership of Equipment</u>.  For purposes of ~~this Agreement~~ *the Contract*, the agreed upon value established for any new or substantially refurbished

2

equipment installed shall be amortized over five (5) years using straight-line depreciation at twenty percent (20%) per year."

PART X, Section P(1), page 87 – The following subparagraphs shall be added to Section P(1) with regard to Termination/Default:

*"(i)    In the event of an unexcused ceasing of operations, the Commission shall have the right to take immediate possession of the service stations which are not being operated and to operate same either with its own personnel or personnel of third parties and to take such other action as is appropriate under the Contract. The Commission shall have the right to use all equipment in the service station(s), whether owned by the Commission or the Selected Operator, and to sell motor vehicle fuel or other automotive supplies as it deems necessary, whether owned by the Commission or otherwise.*
*(j)    In the event it shall be ascertained that the Selected Operator has violated the requirements of PART X, Section D entitled "Assignment of Contract, or failed to satisfy the Commission thereunder."*

PART X, Section Q, page 93 – The last paragraph of this Section shall be amended and superseded as follows:

"The Selected Operator shall immediately send to the Commission a copy of any summons, subpoena, notice or other documents served upon or received by the Operator, or any agent, employee or representative of the Operator, arising in any manner from the performance of the Contract for ~~either~~ *any* Service Plaza or any part thereof."

3.    **Entire Agreement**.  This First Addendum, together with the 2006 Contract, constitutes the entire understanding of the parties with respect to the subject matter hereof, supersedes any prior agreements or understandings, written or oral, between the parties with respect to the subject matter hereof.

4.    **Conflict of Terms**.  In the event of any conflict between the provisions of the 2006 Contract and the provisions of this First Addendum, the First Addendum shall control.

5. **Counterparts**. This First Addendum may be signed in counterparts, each of which shall be deemed an original, but all of which shall be deemed one and the same instrument.

6. **Notices**. For purposes of this First Addendum, formal Notices shall be provided between the parties to the following individuals at the following addresses:

**OHIO TURNPIKE COMMISSION**
Andrew Herberger
Director of Service Plaza Operations
682 Prospect Street
Berea, Ohio 44017
(440) 234-2081

**LEHIGH GAS CORPORATION**
Ed Miller
Vice President
1425 Mountain Drive North
Bethlehem, Pennsylvania 18015
(610) 625-8012

IN WITNESS WHEREOF, the parties have executed this First Addendum to the 2006 Contract as of the day and year first above written.

OHIO TURNPIKE COMMISSION

By: _Gary C. Suhadolnik_
Gary C. Suhadolnik
Executive Director

_9-6-07_
Date

LEHIGH GAS CORPORATION

By: _____

Title: _Pres_

_8/29/07_
Date

APPROVED

_Kathleen Weiss_
Director, Contracts Administration

Service Stations/Lehigh First Addendum 2007



**The Ohio Turnpike Commission**

Kathleen G. Weiss
*General Counsel*

**Jerry N. Hruby**
*Chairman*

**Joseph A. Balog**
*Vice Chairman*

**George F. Dixon**
*Member*

*Member*

**Jerry Wray**
*Director of Transportation*
*Member Ex-Officio*

**Christiane Schmenk**
*Director of Development*
*Member Ex-Officio*

**Timothy S. Keen**
*Director of OBM*
*Member Ex-Officio*

**Thomas F. Patton**
*Ohio Senate Member*

**Michael D. Dovilla**
*Ohio House Member*

**Richard A. Hodges**
*Secretary-Treasurer*
*Executive Director*

March 5, 2012

Joe Topper
Lehigh Gas Corporation
1425 Mountain Drive North
Bethlehem, Pennsylvania 18015

RE:     Contract SS-11, Renewal and Replacement (R&R) Account

Dear Mr. Topper:

As you know, Contract SS-11 between the Ohio Turnpike Commission ("Commission") and Lehigh Gas Corporation expired on December 31, 2011. Numerous conversations took place and several written communications were sent between Commission staff and Lehigh regarding the remittance to the Commission of the balance in the R&R Account, which includes funds accrued at the rate of one-half (.50) CPG from all fuel sold during the Contract. As to the R&R Account, the Contract explicitly states: "Any funds "not used" shall be rolled over into the next Contract term, or in the event of Contract termination or expiration, shall be remitted to the Commission as additional compensation." (See Article 3.1 of Contract SS-11). That balance is $656,660.72, which is an amount that was discussed and agreed upon with your staff.

Despite promises by Bob Brecker directly to me that the balance would be remitted by the end of January 2012, no such remittance has occurred. For the last several weeks, calls to both Mr. Brecker and Mr. Caverly have not been returned to either Andrew Herberger or me. It is disappointing that, after our five-year relationship, your staff has not had the courtesy to return our calls.

The remittance is now six weeks overdue. With this letter, the Commission is placing Lehigh on notice that we will extend an additional ten business days to Lehigh to remit the balance. We are herewith putting your bonding company on notice as to the breach of contract by Lehigh in failing to remit said amount. In addition, this letter shall serve as a reminder to you that you personally guaranteed performance of the Contract. (See Exhibit A to the Contract). In the event the amount is not remitted, the Commission will commence suit to collect the balance.

Please feel free to contact me if you have any questions. We would appreciate the courtesy of a return call advising when we can expect the remittance.

Sincerely,

*Kathleen Weiss*

Kathleen G. Weiss
General Counsel

ALL-STATE LEGAL®
PLAINTIFF'S
EXHIBIT

C

cc:     Executive Director, CFO/Comptroller, Chief of Operations, Director of Service Plaza Operations, and Allstates Bonding Company, Inc.





# The Ohio Turnpike Commission

Kathleen G. Weiss
*General Counsel*

March 23, 2012

Robert M. Brecker
Lehigh Gas Corporation
1425 Mountain Drive North
Bethlehem, PA 18015

RE:    Contract SS-11, Renewal and Replacement (R&R) Account

Dear Mr. Brecker:

Jerry N. Hruby
*Chairman*

Joseph A. Balog
*Vice Chairman*

George F. Dixon
*Member*

*Member*

Jerry Wray
*Director of Transportation*
*Member Ex-Officio*

Christiane Schmenk
*Director of Development*
*Member Ex-Officio*

Timothy S. Keen
*Director of OBM*
*Member Ex-Officio*

Thomas F. Patton
*Ohio Senate Member*

Michael D. Dovilla
*Ohio House Member*

Richard A. Hodges
*Secretary-Treasurer*
*Executive Director*

We are in receipt of your correspondence dated March 14, 2012, wherein you acknowledged the ending balance of the R&R Account in the amount of $656,660.72, and also stated that Lehigh Gas Corporation ("Lehigh") would be issuing an ACH into the Commission's account in the amount of $401,684.72. The ACH transfer of $401,684.72 was received by the Commission on March 15, 2012. In an effort to facilitate the resolution of the above-captioned matter without the need for litigation, this letter is intended to relay the Commission's demand that Lehigh Gas immediately remit the remainder of the R&R Account monies due the Commission in the amount of $254,976.00.

Your letter alleges that Lehigh lost revenue due to the Commission not allowing Lehigh to upgrade the dispensing units to accept debit cards. However, Lehigh was never the party that requested the upgrades. In fact, there were discussions with Lehigh early in 2008 in which Commission staff indicated that the card readers needed to be upgraded. However, minutes from these meetings indicate that Lehigh representatives stated that these upgrades could not occur until software updates for the Topaz and Ruby Systems became available in 2009. Despite the Commission's requests, Lehigh failed to implement these card reader upgrades, and never provided the Commission with any bids therefore. Thus, if Lehigh's revenue was negatively impacted due to increased credit card fees, this was not the Commission's fault, nor its contractual responsibility.

In the spring of 2010, Lehigh indicated it did not wish to renew Contract SS-11 for its second, five-year term on January 1, 2012. The Commission has no subsequent records of any discussions, requests or bid documents received from Lehigh requesting to upgrade the card readers out of the R&R Account. (Lehigh has acknowledged in writing to the Commission that the Commission's prior approval is required before any expenditure could be made out of the R&R Account). Even if such a request was made, there is no contractual provision indicating that the Commission could be held financially responsible for Lehigh's alleged lost revenues due to the Commission's withholding approval of R&R expenditures. In fact, in late 2006, when final terms of Contract SS-11 were being negotiated with Lehigh, Mr. Topper indicated to the undersigned that, if no funds were expended out of the R&R Account prior to the expiration or termination of the Contract, then all such funds would be remitted to the Commission. Indeed, the ensuing Contract was drafted to require remittance to the Commission of all funds remaining in the account at Contract termination or expiration (see Article 3.1), and agreed to in writing by both parties.

Because the arguments posed in your March 14, 2012 correspondence have no merit, the Commission must insist that the remaining funds due in the amount of $254,976.00 be remitted

682 Prospect Street, Berea, Ohio 44017-2799    Phone: (440) 234-2081    Fax: (440) 234-73
www.ohioturnpike.org



PLAINTIFF'S
EXHIBIT

D

STATE LEGAL®

by not later than the end of March 2012. I would like to remind Lehigh that PART X(E) of the RFP, entitled "Payments by Selected Operator and Record Keeping Requirements," as incorporated by referenced into Contract SS-11, requires that: "A late fee of eighteen percent (18%) per annum, or the maximum allowed by State law, will be assessed to all overdue payments." At this juncture, the Commission has not assessed this interest fee, but will proceed to add interest to the payment due as of April 1, 2012.

The Commission has also not, as yet, received the final profit/loss analysis required under the Contract in order to determine if it is entitled to any additional payments. You will recall that Contract SS-11 at Article 3.1 also provides the following:

> "In addition, the Selected Operator will provide 30% of all net profit it receives on a yearly basis, over and above its budgeted profit projections to the Commission as additional revenue. Profit projections shall be provided to the Commission annually by January 31, and shall take into consideration the following: projected total revenue; projected total expenses; and allocated overhead. The amount payable under this section, if any, shall be remitted to the Commission on or before January 31 of the following year."

Please provide this information to Director of Service Plaza Operations, Andrew Herberger, as soon as possible.

Please do not hesitate to contact me if you have any questions or to discuss this matter is greater detail.

Sincerely,

*Kathleen Weiss*

Kathleen G. Weiss
General Counsel

KGW/jld
cc:    John Waite, Allstates Bonding Company
       Joe Topper, President, Lehigh Gas Corporation
       Daniel Robinson, General Counsel, Lehigh Gas Corporation
       Richard Hodges, OTC Executive Director
       Martin Seekely, OTC CFO/Comptroller
       Dale Perram, OTC Chief of Operations
       Andrew Herberger, OTC Director of Service Plaza Operations

# EXHIBIT A

## GUARANTY

THIS GUARANTY (the "Guaranty"), dated as of *December 22*, 2006, is made by JTPH, Inc., a Pennsylvania corporation ("JTPH"), JTSJ, Inc., a Delaware corporation ("JTSJ"), Topper Petroleum, Inc., a Pennsylvania corporation ("Topper"), MMSCC-3, LLC, a Pennsylvania limited liability company ("MMSCC-3"), MMSCC-4, LLC, a Pennsylvania limited liability company ("MMSCC-4"), and Bestway Travel Centers, Inc., a Pennsylvania corporation ("Bestway") (each a "Guarantor" and together the "Guarantors"), in favor of the Ohio Turnpike Commission (the "Commission").

WITNESSETH:

WHEREAS, the Commission and Lehigh Gas Corporation, a Delaware corporation ("Lehigh"), are parties to a certain Form Contract dated *12-22-06*, 2006 (the "Contract");

WHEREAS, each of the Guarantors is an affiliate of Lehigh; and

WHEREAS, each of the Guarantors has determined that the execution, delivery and performance of this Guaranty directly benefits, and is within the best interests of, such Guarantor.

NOW, THEREFORE, in consideration of the mutual promises, covenants and terms and conditions set forth herein, the Guarantors hereby agree as follows:

1. Guaranty. The Guarantors hereby, jointly and severally, unconditionally and irrevocably guarantee the performance of Lehigh's obligations under the Contract (the "Guaranteed Obligations").

2. Guaranty Absolute; Continuing Guaranty. The Guarantors guaranty the performance of the Guaranteed Obligations strictly in accordance with the terms of the Contract. The liability of the Guarantors under this Guaranty shall be irrevocable, absolute and unconditional irrespective of, and the Guarantors hereby irrevocably waive any defenses that Guarantors may now or hereafter have in any way relating to, any change in any term of all or any of the Guaranteed Obligations, or any other amendment or waiver of or any consent to departure from the Contract, including, without limitation, any increase in the Guaranteed Obligations. This Guaranty is a continuing guaranty and shall (i) remain in full force and effect until the date on which all of the Guaranteed Obligations have been satisfied, (ii) be binding upon the Guarantors, their successors and assigns, and (iii) inure to the benefit of and be enforceable by the Commission and its successors and assigns.

3. Notices, Etc. All notices and other communications provided for hereunder shall be in writing and shall be mailed, telecopied or delivered, if to a Guarantor, to:

(Name of Guarantor)

PLAINTIFF'S EXHIBIT

E

ALL-STATE LEGAL®

6

c/o Lehigh Gas Corporation
3773 Corporate Parkway, Suite 100
Center Valley, PA 18034

or to such other address as shall be designated in a written notice complying as to delivery with the terms of this Section 3. All such notices and other communications shall be effective (i) if mailed (by certified mail, postage prepaid and return receipt requested), when received or three Business Days after deposited in the mails, whichever occurs first; (ii) if telecopied, when transmitted and confirmation is received, provided same is on a Business Day and, if not, on the next Business Day; or (iii) if delivered, upon delivery, provided same is on a Business Day and, if not, on the next Business Day.

4. Miscellaneous.

(a) No amendment or waiver of any provision of this Guaranty and no consent to any departure by the Guarantors therefrom shall in any event be effective unless the same shall be in writing and signed by the Guarantors and the Commission, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

(b) Any provision of this Guaranty which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining portions hereof or thereof or affecting the validity or enforceability of such provision in any other jurisdiction.

(c) This Guaranty represents the entire Agreement of the Guarantors and the Commission with respect to the subject matter hereof, and there are no promises, undertakings, representations or warranties relative to the subject matter thereof not expressly set forth or referred to herein.

(d) Section headings herein are included for convenience of reference only and shall not constitute a part of this Guaranty for any other purpose.

IN WITNESS WHEREOF, each Guarantor has caused this Guaranty to be executed as of the date first above written.

TOPPER PETROLEUM, INC.

By: _____          Date: ___12-20-06___
Joseph V. Topper, Jr., President

BESTWAY TRAVEL CENTERS, INC.

By: _____          Date: ___12-20-06___
Joseph V. Topper, Jr., President

JTPH, INC.

By: _____       Date: _____12-20-06_____
Joseph V. Topper, Jr., President

JTSJ, INC.

By: _____       Date: _____12 20 06_____
Joseph V. Topper, Jr., President

MMSCC-3, LLC

By: _____       Date: _____12-20-06_____
Joseph V. Topper, Jr., Manager

MMSCC-4, LLC

By: _____       Date: _____12-20-06_____
Joseph V. Topper, Jr., Manager

ACKNOWLEDGEMENT OF GUARANTY BY
OHIO TURNIPKE COMMISSION

By: _____       Date: _____12-22-06_____
    Executive Director

APPROVED AS TO LEGAL FORM

By: _____       Date: _____12/22/06_____
    Director of Contracts Administration